[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION #138 FOR MODIFICATION
The plaintiff filed a number of motions for modification of child support, but the current motion was filed in late 1996, had scheduling orders from Judge Rubinow in mid-1997 and was heard on January 29, 1998. The gravamen of the plaintiff's claim is that the child support amount should be increased, in deviation of the Uniform Support Guidelines, because the parties had agreed to share the tuition at St. Timothy's School. The children are currently enrolled, with substantial scholarship assistance, at Indian Mountain School, and Ethel Walker School. The plaintiff claims that she should receive the enhanced child support award because of the benefit of her earlier bargain, and because she has expended the effort to ensure optimal educational benefits for the children.
As contained in the Judgment of the court, the parties did agree to share the cost of St. Timothy's School. The plaintiff produced evidence that the cost of such tuition per pupil in the 1997-98 academic year would have been Two Thousand, Eight Hundred, Fifty ($2,850.00) Dollars. The fact that two children attend would reduce the amount by five (5%) percent per child, or One Hundred, Forty-two and 50/100 ($142.50) Dollars per child. (Plaintiff's Exhibit 6) The plaintiff did not present any evidence that the children might have secured any scholarship assistance, or if any was available. The court infers that no such additional benefit would accrue. CT Page 12701
Each party has had an increase in income, and the Child Support Guidelines would require child support increase in the amount of Six ($6.00) Dollars from the original Two Hundred Thirteen ($213.00) Dollars on the date of judgment. The plaintiff claimed that her eyesight was further compromised, but the defendant claimed that that fact was known at the time of judgment and did not constitute a change in circumstances. The plaintiff produced evidence that the tuition after scholarships for the children was less than the per pupil tuition at St. Timothy's for Margo, who attends Ethel Walker (Plaintiff's Exhibit 5), but exceeds the cost for Gregory at Indian Mountain (Plaintiff's Exhibit 4).
The defendant claimed that he had not been consulted concerning the new private schools, and that they had both always struggled to maintain the children in parochial school. He had part-time jobs to augment his income, and had surrendered most of the assets of the marriage to secure the future for his former wife and their children as part of the judgment of dissolution. He claimed that he had always paid child support consistently and discharged his responsibilities to the children.
It is clear from the record that the children are gifted and that the parties have agreed to pay tuition for non-public schools. At the time of the dissolution, the defendant agreed to pay one-half of the cost of St. Timothy's, a middle school. No other language is described in the judgment for further education. The intent of the parties to give their children that advantage, however, is clear. The Guidelines recognize a deviation criteria for extraordinary expenses for care and maintenance of the child, including education expenses (Sec.46b-215a-3(b)(2)(A)). Not only can this be a deviation criteria, the parties agreed to add the cost of non-public education to the guidelines support requirement.
The court finds that the efforts of the plaintiff to maximize the educational experience of the children is within the contemplation of the parties agreement for judgment. The cost to the defendant under the terms of the judgment for two children at St. Timothy's would be Two Thousand, Six Hundred Twenty-five ($2,625.00) Dollars per year, or Fifty ($50.00) Dollars per week. The cost to the defendant for his share of Indian Mountain and Ethel Walker is Two Thousand, Three Hundred, Ninety-eight ($2,398.00) Dollars or Forty-Six and 11/100 ($46.11) Dollars per CT Page 12702 week. The court orders that the defendant pay child support in the amount of Two Hundred, Sixty-six ($266.00) Dollars per week ($46.11 plus $219.76 (Def.'s Exh I — Guidelines worksheet)). Such payment is retroactive to January 29, 1998.
DRANGINIS, J.